UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Darrell D. Prouty,                                       Case No. 21-cv-2431 (WMW/TNL)

                                    Plaintiff,

                                                                    **ORDER**

      v.

Andrea Marlee Kosloski, Sara Kulas, and
Dana Osbourne,

                                    Defendants.

---

Before the Court are Plaintiff Darrell D. Prouty's applications to proceed *in forma pauperis*. (Dkts. 2, 4.)  For the reasons addressed below, the above matter is dismissed without prejudice for lack of jurisdiction, and Prouty's applications to proceed *in forma pauperis* are denied as moot.

Prouty is a client of the Minnesota Sex Offender Program (MSOP).  Defendants are MSOP employees.  Prouty alleges that Defendants have engaged in sexual relationships with other MSOP clients and requests that Defendants be criminally prosecuted under state law as a result.

Private citizens lack standing to bring claims under criminal law or to request that a third party initiate a criminal prosecution.  *See, e.g.*, *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060 (D. Minn. 2009) (explaining that "[p]rivate citizens . . . do not have standing to enforce criminal statutes or have them enforced").  Standing is a jurisdictional requirement.  *See City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th

Cir. 2007). Because the sole relief Prouty seeks in his complaint is the criminal prosecution of Defendants, the Court lacks subject-matter jurisdiction.

The Court would lack jurisdiction even construing the complaint as seeking relief other than criminal prosecution. A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed R. Civ. P. 8(a)(1). The complaint contains no such jurisdictional statement, and no source of the Court's jurisdiction is obvious from the pleading. Prouty seeks relief only as a matter of state law and, therefore, 28 U.S.C. § 1331 does not provide a statutory basis for the Court's subject-matter jurisdiction. Prouty does not allege that the parties are of diverse citizenship and, therefore, 28 U.S.C. § 1332(a) does not provide a statutory basis for the Court's subject-matter jurisdiction, either. Nor does any other federal-law jurisdictional provision plainly apply to this matter.

Moreover, "Article III limits the judicial power to resolving 'Cases' or 'Controversies,' and the standing doctrine is 'rooted in the traditional understanding of a case or controversy.' " *Enter. Fin. Grp., Inc. v. Podhorn*, 930 F.3d 946, 949 (8th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish Article III standing, plaintiffs must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury." *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Although Prouty alleges that *other* MSOP clients have been injured due to Defendants' actions, he does not allege that he has suffered, or is in imminent danger of suffering, any concrete or particularized

harm.  *See Enter. Fin. Grp., Inc.*, 930 F.3d at 949 ("To demonstrate injury in fact at the pleading stage, [a plaintiff] must demonstrate that its alleged injury is actual or imminent, as well as concrete and particularized.").  Instead, Prouty appears to be attempting to prosecute claims on behalf of the MSOP clients who he alleges have been harmed by Defendants.  Accordingly, Prouty lacks Article III standing.

For these reasons, the Court lacks jurisdiction over this action.  Accordingly, this matter is dismissed without prejudice.  *See Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971) ("[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte . . . .").  Prouty's applications to proceed *in forma pauperis* are denied as moot.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.     Plaintiff Darrell D. Prouty's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2.     Plaintiff Darrell D. Prouty's applications to proceed *in forma pauperis*, (Dkts. 2, 4), are **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 16, 2021                              s/Wilhelmina M. Wight
                                                                      Wilhelmina M. Wright
                                                                      United States District Judge